UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAT'S MARINE ENGINES, INC.,

    Plaintiff(s),

v.

WHITECAP, Official Number: 1041109, her Engines, Machinery, Appurtenances, etc., *In Rem,*

and

BATOUR SEKENDUR,
*In Personam,*

    Defendant(s).

NO. C08-1401MJP

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT BY CLAIMANT McCANDLISS

The above-entitled Court, having received and reviewed:

1. Motion for Partial Summary Judgment by Claimant Glenn A. McCandliss (Dkt. No. 20)
2. Defendant Batour Sekendur's Opposition to Motion for Partial Summary Judgment by Claimant Glenn A. McCandliss (Dkt. No. 23)
3. Claimant's Reply in Support of Motion for Summary Judgment (Dkt. No. 24)

and all attached exhibits and declarations, makes the following ruling:

IT IS ORDERED that the Order of Default *In Rem* Against All Persons (Dkt. No. 17) is VACATED as regards Claimant McCandliss, whom the Court finds filed a valid Notice of Appearance of Judgment Creditor (Dkt. No. 16) prior to the entry of the default order.

IT IS FURTHER ORDERED that Defendant Sekendur shall file a responsive pleading to Claimant McCandliss's motion which addresses the substantive arguments of that motion; the response shall be due by no later **February 16, 2009.** Claimant McCandliss's reply brief shall be due by **February 20, 2009**, following which the Court shall rule on the merits of his motion.

**ORD ON MTN FOR
PARTIAL SUMM JMT - 1**

**Discussion**

Glenn McCandliss, appearing *in pro per*, timely filed an appearance and notice of an interest in the subject Vessel as a purported judgment creditor of Defendant/Counter-Plaintiff Sekendur. Although McCandliss's Notice of Appearance was filed on November 7, 2008, several days in advance of the entry of default order against all creditors (filed on November 10, 2008), it was not entered into the docket until the day the default order was filed and the Clerk of the Court was apparently unaware of its existence. The Court is satisfied that the notice of appearance was timely filed and that the default order is not applicable to McCandliss.

McCandliss then filed the motion for partial summary judgment which is the subject of this order, asserting that Defendant/Counter-Plaintiff Sekendur had previously transferred his interest in the subject Vessel and therefore lacked standing to assert the claims presented by this litigation. Defendant's response was to seek to interpose the Order of Default and argue that McCandliss possessed no standing to obtain the relief he sought. Opposition at p.1-2.

As outlined above, that argument is unpersuasive and Defendant/Counter-Plaintiff Sekendur must respond to the substantive arguments raised in McCandliss's pleadings; namely, that Sekendur's interest in the subject Vessel was previously transferred to another party and it is Sekendur who lacks standing in this action. The parties shall file responsive pleadings addressing the merits of the motion; the schedule for those filings is set forth in the Order above.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: February 2, 2009

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN FOR PARTIAL SUMM JMT - 2**