UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAT'S MARINE ENGINES, INC.,

Plaintiff(s),

v.

WHITECAP, Official No. 1041109, her Engines, Machinery, Appurtenances, etc., *In Rem*,

Defendant(s),

and

BATUR SEKENDUR, *In Personam,*

Defendant/Counter-claimant.

NO. C08-1401MJP

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1. Claimant Glenn McCandliss's Motion for Partial Summary Judgment (Dkt. No. 20)
2. Defendant Batur Sekendur's Supplemental Opposition to Motion for Partial Summary Judgment filed by Glenn A. McCandliss (Dkt. No. 27)
3. Claimant's Supplemental Reply in Support of Motion for Partial Summary Judgment (Dkt. No. 28)

and all attached exhibits and declarations, makes the following ruling:

IT IS ORDERED that the motion is GRANTED, and the counterclaims of Defendant Batur Sekendur are DISMISSED for lack of standing.

**ORDER ON MTN FOR
PARTIAL SUMM JMT - 1**

**Discussion**

Claimant Glenn McCandliss moves for partial summary judgment dismissing the counterclaims of Defendant Sekendur on the grounds that Sekendur has no standing to bring such claims.

Summary judgment is not warranted if a material fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if. . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).

However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id.. At 324. In considering a motion for summary judgment, however, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Anderson, 477 U.S. at 250-51.

The basis of Claimant McCandliss's motion is simple: he alleges that Defendant Sekendur transferred his ownership interest in the WHITECAP to his mother, Mensure Sekendur, in February 2007 and that, lacking an ownership interest in the vessel, Batur Sekendur has no standing to bring any claim based on deprivation of ownership. Although McCandliss provides no documentary proof of this transfer of ownership, Defendant Sekendur concedes that title of the vessel "resides" with his mother (Suppl. Opposition, p. 2), and the Court accepts it on that basis as an undisputed material fact.

**ORDER ON MTN FOR
PARTIAL SUMM JMT - 2**

1     Standing to bring a claim before this Court consists of three elements: (1) an "injury in fact" comprised of a "concrete and particularized" invasion of a legally-protected interest; (2) a causal connection between the conduct complained of and the injury; and (3) a likelihood that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

    Lacking ownership in the vessel at issue, Defendant Sekendur has no "legally-protected interest" subject to an injury which can be redressed by this Court. His briefing alludes to "a legally-protected interest that [is] derivative of his mother's rights to use and possession" (Suppl. Opposition, p. 2), but he cites no statutory or case authority for the existence of such an interest or the validity of such a theory. The claimant has met his burden of demonstrating that no material fact exists for trial, which shifts the burden to the non-moving party to demonstrate the existence of the elements he will need to prove to obtain relief. Defendant Sekendur is not entitled to rely on his pleadings, or his unsupported assertions of legal theory. He has failed to meet his burden and Claimant McCandliss is entitled to an award of partial summary judgment.

**Conclusion**

    Since Defendant Sekendur asserts no ownership interest in the WHITECAP, he has no standing to assert counterclaims involving the deprivation of any right or interest in the subject vessel. Claimant McCandliss's motion for partial summary judgment is GRANTED, and Batur Sekendur's counterclaims involving the WHITECAP are DISMISSED with prejudice.

    The clerk is directed to provide copies of this order to all counsel of record.

Dated: February _ 27_, 2009

*[signature]*

Marsha J. Pechman
U.S. District Judge